Lee, J.
It is no doubt true that if a scire facias for the purpose of reviving a judgment, be found to vary in a material matter from the judgment in the description which it undertakes to -give of it, advantage may be taken of it in the proper mode, and the variance will prove fatal. But waiving the question whether a proper mode of making such an objection could be by a general demurrer or motion to quash, I am of opinion that no such variance appears in the present case. It is true the judgment was in the names of four persons described as justices of Prince Gfeorge county, suing for the benefit of the marshal of the District court of chancery held at Williamsburg, without giving his name, while the scire facias avers that his name was Charles L. Wingfield. But this is no variance. It is intended to furnish an additional means of identification of the person for whose benefit the judgment had been rendered, and to show the right of the party at whose instance the present proceeding *195 was taken. It is an averment in nowise repugnant to, but strictly consistent with, all the terms of the judgment, while the names, sums, dates and other of description, which the judgment affords, are found accurately given in the scire facias. The objection that the scire facias recites it was awarded at the instance of P. P. Mayo, administrator of Charles L. Wingfield, instead of Benjamin Harrison, and the other three parties who are the plaintiffs on the record, is one rather of form than of substance. It might have been more regular for the scire facias to recite that it was awarded at the instance and on behalf of..the plaintiffs on the record, but as it would have been good if the averment at whose instance it had issued had been wholly omitted, I regard it as mere surplusage, and not serving to vitiate; and the rather because the requirement of the process is that the defendant shall show, if anything he can, why execution should not be awarded against him “ according to the judgment aforesaid,” thus contemplating conformity to the judgment in the manner of the process sought, while it recognizes the right of the party for whose benefit it was designed to be taken. I think the demurrer and motion to quash were properly overruled.
It does not appear from the scire facias, or in any other part of the record, what was the character of the obligation or other liability upon which the original judgment was rendered. It may have been a statutory bond, made payable to the plaintiffs in their official character, or though payable to them in such character, it may not have been a statutory bond, though good as a common law obligation;. or it may have been a bond or other contract, payable to the plaintiffs, in their individual character, the words justices of Prince Greorge county being added as “ designatio personamm.” Nor do the defendants’ pleas, or any of them, allege that it was such a statutory bond as required that *196 there should be a relator in any action brought upon and that the relator should be the party having the legal right to sue. In the absence of any such information as to the character of the obligation, and of any averment that it was of the nature above indicated, we must regard it as a common law bond or liability, subje°t to be sued on in the name of the payees, without any re^af°r’ or for the benefit of any party who may be the holder, or lawfully entitled to the benefit of it. Thus the questions whether Wingfield was marshal an(j whether Mayo was his administrator, are questions between the latter and the plaintiffs on the record, with which the defendant has no concern, because the demand being treated as a common law and not a statutory liability, and the proceeding being to revive a judgment on such a liability in the name of the payees, a judgment upon this scire facias for whose use soever, will be a complete bar in favor of the defendant to any future action. At most, if the defendant desired to call in question the right of Mayo to use the names of the original parties, and to prosecute the scire facias for his own benefit, the proper mode was to apply to the court for its summary interference by rule. Howard v. Rawson, 2 Leigh, 733, and authorities cited in the opinion of Judge Summers. He could not make such matter the subject of a plea in bar to the plaintiff’s action. I think the pleas that Wingfield was not marshal, and that Mayo was not his administrator, tendered immaterial issues, and were properly rejected by the court.
The plea that the judgment had not been suspended by an injunction, offered no bar to the scire facias. It but served to point to another matter which might be made the subject of a plea in bar, and which, if not ■successfully answered, would defeat the action. It is true the scire facias does allege that execution of the judgment had been suspended by an injunction; but *197 this allegation was unnecessary, and may be treated as surplusage; and a naked traverse of such a matter offers no sufficient defence to the action. If the defendant desired to set up the statute of limitations in his defence, it was his duty to plead it distinctly and directly : He could not be entitled to the benefit of it upon a collateral issue. If the plea were strictly true and there never had been an injunction, it does not follow that the judgment could not be revived. And if the defendant had pleaded the statute of limitations, the plaintiffs might have replied some matter (other than the pendency of the injunction) which might serve to take the case out of its operation, but of the benefit of which, upon the issue tendered, they might be deprived. I think, therefore, this plea also was properly rejected by the court.
The fifth plea tendered by the defendant (that the injunction had not been dissolved) was received by the court, and an issue made up upon it. And if this could be regarded as a good plea, or the issue joined upon it as material, it might admit of question whether the court did not err in admitting the imperfect and incomplete record offered by the plaintiff in evidence, in support of the issue upon his part. For although, as has been decided by this court in the cases of White v. Clay’s ex’ors, 7 Leigh 68, and Wynn v. Harman, 5 Gratt. 157, a decree or other extract from the record may be given in evidence without the production of the whole record, yet from the case of Masters v. Varner’s ex’ors, 5 Gratt. 157, we learn that this is to be so understood where the decree or extract so offered itself satisfactorily establishes the fact it is offered to prove. And in this case the portion of the record offered by the plaintiff was scarcely sufficient to identify the judgment the injunction to which was thereby dissolved, as that upon which the scire facias in question had been sued out. But I do not regard *198 the plea as a good bar, nor the issue joined upon it as material. I can perceive no good reason why a party plaintiff, whose judgment has been enjoined, may not be permitted, upon the death of the defendant pending the injunction, to revive it against his personal representative. Such a proceeding can be no breach of the injunction, the object of which is to restrain the party from enforcing the judgment by execution, and reaping its fruits, until the matters of equity alleged can be heard and considered. All that the court of chancery intends to restrain is execution. The plaintiff may proceed so far as to be able to take out execution the instant the injunction is dissolved. 1 Eden on Injunct. 97. Now, where the defendant dies after the injunction, unless the plaintiff can go on and revive against his representative, he will not be in a situation, upon the dissolution of the injunction, to issue his execution, but must then be delayed till he can sue out his scire facias and obtain the order of revival; and thus, by the supervening death of the defendant, he is placed in a worse condition than when the injunction was allowed; while, if he is allowed to go on and revive his judgment, notwithstanding the injunction, he is merely reinstating himself to the right which he then had of issuing his execution as soon as the injunction is dissolved. In fact, the right to sue out execution upon its dissolution, is the very condition of an injunction to a judgment; and if the judgment creditor die pending the injunction, the court of chancery will in a summary way impose it as a condition on the complainant to consent to revive at law, under the penalty of having his injunction dissolved if he refuse. Medley v. Pannill, 1 Rob. R. 63. And there can be no conceivable difference in this respect whether the necessity for the revival is occasioned by the death of the judgment creditor or the judgment debtor. The inconvenience to be remedied *199 is precisely the same in both cases: and what the court of chancery would itself enforce in a summary way by a rule, it surely would not regard as a breach of the injunction when sought to be accomplished by the ordinary process of law. The judgment creditor must take care to stop with the order reviving his judgment. Thus far may he go but no farther; and the judgment of the court upon the scire facias is to be regarded as in strict subordination to the injunction to the original judgment of which it is the mere continuation.
I regard this as the reasonable and sound doctrine upon this subject; and I have seen no case which should be considered as disaffirming it. It is true Judge Baldwin, in delivering his opinion in the case of Smith's adm'r v. Charlton's adm'r, 7 Gratt. 425, 466, intimates that pending a writ of error or injunction or cessat, an action of debt or scire facias cannot be brought upon the judgment. He cites no authority for the proposition, and so far as it respects the injunction, it is an intimation thrown out arguendo and by way of illustration. He probably did not advert to the distinction between the nature and effect of an injunction and that of a writ of error or cessat. At all events it was a point not at all material to the decision in that case, and the remark of the j udge as it respects the injunction, must be regarded as obiter merely. On the other hand, there are several cases to be found in the English chancery, from which the right to revive a judgment by scire facias upon the death of the judgment debtor pending an injunction may be fairly deduced. Thus, where there is an interlocutory judgment, as by default or upon demurrer, and an injunction is allowed, the plaintiff may, notwithstanding, go on and ascertain his damages. Morrice v. Hankey, 3 P. Wins. 146. So where the defendant at law had put in a frivolous plea, to which the plaintiff demur *200 red, and there was an injunction allowed; and pending the injunction, the plaintiff went on and obtained judgment, it was held by Lord Macclesfield that this was no breach of the injunction. Sidney v. Hetherington, 3 P. Wms. 147 n. So where there had been an award made under a reference which had been made a rule of court, and.an injunction was allowed, it was held by Lord Roslyn that the party might go on at law, take his rule to show cause why an attachment should not go for performance of the award, and proceed to make his rule absolute without being guilty of any breach of the injunction, provided he did not execute the attachment. Franco v. Franco, 2 Cox R. 420. And in a case where there was judgment against a defendant as'executor quando acciderint, and an injunction was allowed, the plaintiff at law pending the injunction, took out a scire facias to enquire after assets: this was held by Lord King to be no breach of the injunction, being only a continuation of the old action on the same record. Morrice v. Hankey, 3 P. Wms. 146. In all these cases the object of the party' was simply to place himself in a condition to sue out execution as soon as the injunction should be dissolved : and such is the purpose for which a party may well be permitted to revive his judgment where the defendant has died pending the injunction.
It is objected that the judgment on the scire facias, awarding execution, is in favor of Mayo, administrator of Wingfield, when it should have been in favor of Harrison and the other plaintiffs on the record. It might have been more regular that it should have been in terms in favor of the latter, for the use and benefit of Mayo, administrator, &c.; but as the judgment is to be understood with reference to the scire facias on which it is founded; and as that goes for award of execution according to the original judgment, it may be regarded as in effect an award of *201 execution to be sued out in their names for the use of Mayo administrator of Wingfield, according to the suggestions contained in the scire facias. The objection goes rather to form than to substance, and does not call for a more grave consideration.
I am of opinion to affirm the judgment.
The case of Poindexter’s ex’or v. Wingfield's adm'r is in all respects similar to the foregoing, being a proceeding to revive the judgment against the representative of the other defendant Poindexter, who had also died after the injunction. The same defence was made and the questions arising in this case are precisely the same as those in the former.
I am of opinion that this judgment also should be affirmed.
Allen, Moncure and Samuels, Js. concurred in the opinion of Lee, J.